UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE L. MARTIN, | No. 2:16-cv-1860-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Plaintiff Renee L. Martin, who proceeds without counsel, but paid the filing fee, commenced this action on August 5, 2016. (ECF No. 1.)[1] On October 27, 2016, the court granted defendant Select Portfolio Servicing, Inc.'s motion to dismiss plaintiff's first amended complaint. (ECF No. 26.) However, plaintiff was given 28 days to file either a second amended complaint or a notice of voluntary dismissal of the action. (Id.) Additionally, plaintiff was expressly cautioned that failure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Plaintiff ultimately failed to file either a second amended complaint or a notice of

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

voluntary dismissal by the required deadline.  At the time, the court considered whether the action should be dismissed, but in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempted lesser sanctions by issuing an order to show cause and imposing minimal monetary sanctions.  More specifically, in a December 2, 2016 order, the court directed plaintiff, within 21 days, to:  (1) pay the Clerk of Court $250.00 in monetary sanctions for failure to comply with the court's prior order; (2) show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's order and failure to prosecute the case; and (3) file a second amended complaint in compliance with the court' s October 27, 2016 order.  (ECF No. 28.)  Plaintiff was again cautioned that failure to comply with all terms of the order would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

On December 21, 2016, plaintiff filed a response to the order to show cause.  (ECF No. 29.)  In that response, plaintiff contends that the court erred in dismissing plaintiff's first amended complaint and in later imposing sanctions, because jurisdiction is presently with the Ninth Circuit Court of Appeals.  Plaintiff is mistaken.  To be sure, after the assigned district judge, Judge Nunley, on three occasions denied plaintiff's motion for a temporary restraining order ("TRO"), plaintiff appealed Judge Nunley's denial of a TRO to the Ninth Circuit Court of Appeals.  (ECF Nos. 5, 10, 19, 20, 22.)  However, plaintiff provides no legal authority for the proposition that an interlocutory appeal of the denial of a TRO automatically stays the underlying district court action, and the Ninth Circuit has not issued any stay order.  As such, this case proceeds, and plaintiff is not at liberty to ignore the deadlines set by this court.

Moreover, although plaintiff is proceeding without counsel, the court, in its October 27, 2016 order dismissing the first amended complaint with leave to amend, specifically noted that the pending appeal did not prevent this court from proceeding to consider and resolve defendants' motion to dismiss.  (ECF No. 26 at 1 n.2.)  Therefore, plaintiff had notice, at least as of October 2016, that this case was proceeding and that she was required to comply with this court's orders and deadlines, notwithstanding her TRO appeal.

1	Consequently, the court finds that there is no proper basis to reconsider or vacate its prior orders.  Nevertheless, the court notes plaintiff's representation in her response to the order to show cause that her provisional social security disability benefits have been terminated as of December 3, 2016, resulting in financial hardship.  As such, in an effort to accommodate plaintiff's financial situation, the court will allow plaintiff to pay sanctions in $50 increments on the schedule outlined below.  However, plaintiff is cautioned that no further requests for reconsideration of the sanctions order will be entertained, and the court is disinclined to permit any further extensions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to reconsider and vacate the court's prior orders is DENIED.
2. Plaintiff shall pay a total of $250 in monetary sanctions in increments of $50, with payments to be received by the Clerk of Court no later than the following dates: January 13, 2017; February 10, 2017; March 10, 2017; April 7, 2017; and May 5, 2017.
3. No later than January 13, 2017, plaintiff shall file a second amended complaint that complies with the terms of the court's October 27, 2016 order.
4. Alternatively, and in lieu of paying the monetary sanctions and filing a second amended complaint, plaintiff may file a notice of voluntary dismissal of the action without prejudice no later than January 13, 2017.[2]
5. Failure to comply with all the terms and deadlines of this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  December 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Nothing in this order requires plaintiff to dismiss the action, nor does the court necessarily suggest that plaintiff should dismiss the action.  It is merely offered as a potential alternative, should plaintiff conclude that she is unable to cure the deficiencies of the first amended complaint in compliance with Federal Rule of Civil Procedure 11.