UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE L. MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC., et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-1860-TLN-KJN PS<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff Renee L. Martin, who proceeds without counsel, but paid the filing fee, commenced this action on August 5, 2016.  (ECF No. 1.)[1]  On October 27, 2016, the court granted defendant Select Portfolio Servicing, Inc.'s motion to dismiss plaintiff's first amended complaint.  (ECF No. 26.)  However, plaintiff was given 28 days to file either a second amended complaint or a notice of voluntary dismissal of the action.  (<u>Id.</u>)  Additionally, plaintiff was expressly cautioned that failure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (<u>Id.</u>)

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

Plaintiff ultimately failed to file either a second amended complaint or a notice of voluntary dismissal by the required deadline. At the time, the court considered whether the action should be dismissed, but in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempted lesser sanctions by issuing an order to show cause and imposing minimal monetary sanctions. More specifically, in a December 2, 2016 order, the court directed plaintiff, within 21 days, to: (1) pay the Clerk of Court $250.00 in monetary sanctions for failure to comply with the court's prior order; (2) show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's order and failure to prosecute the case; and (3) file a second amended complaint in compliance with the court's October 27, 2016 order. (ECF No. 28.) Plaintiff was again cautioned that failure to comply with all terms of the order would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

On December 21, 2016, plaintiff filed a response to the order to show cause. (ECF No. 29.) In that response, plaintiff contended that the court erred in dismissing plaintiff's first amended complaint and in later imposing monetary sanctions, because jurisdiction of the case is presently with the Ninth Circuit Court of Appeals. In a December 27, 2016 order, the court overruled plaintiff's objections:

> Plaintiff is mistaken. To be sure, after the assigned district judge, Judge Nunley, on three occasions denied plaintiff's motion for a temporary restraining order ("TRO"), plaintiff appealed Judge Nunley's denial of a TRO to the Ninth Circuit Court of Appeals. (ECF Nos. 5, 10, 19, 20, 22.) However, plaintiff provides no legal authority for the proposition that an interlocutory appeal of the denial of a TRO automatically stays the underlying district court action, and the Ninth Circuit has not issued any stay order. As such, this case proceeds, and plaintiff is not at liberty to ignore the deadlines set by this court.
>
> Moreover, although plaintiff is proceeding without counsel, the court, in its October 27, 2016 order dismissing the first amended complaint with leave to amend, specifically noted that the pending appeal did not prevent this court from proceeding to consider and resolve defendants' motion to dismiss. (ECF No. 26 at 1 n.2.) Therefore, plaintiff had notice, at least as of October 2016, that this case was proceeding and that she was required to comply with this court's orders and deadlines, notwithstanding her TRO appeal.

2

> Consequently, the court finds that there is no proper basis to reconsider or vacate its prior orders. Nevertheless, the court notes plaintiff's representation in her response to the order to show cause that her provisional social security disability benefits have been terminated as of December 3, 2016, resulting in financial hardship. As such, in an effort to accommodate plaintiff's financial situation, the court will allow plaintiff to pay sanctions in $50 increments on the schedule outlined below. However, plaintiff is cautioned that no further requests for reconsideration of the sanctions order will be entertained, and the court is disinclined to permit any further extensions.

(ECF No. 30.) More specifically, plaintiff was directed to pay the $50 incremental payments no later than the following dates: January 13, 2017; February 10, 2017; March 10, 2017; April 7, 2017; and May 5, 2017. (Id.) Plaintiff was also provided with another final opportunity to file a second amended complaint no later than January 13, 2017. (Id.) Plaintiff was again expressly cautioned that failure to comply with all the terms and deadlines of the order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Although the applicable January 13, 2017 deadline has now passed, plaintiff failed to file a second amended complaint and failed to pay the first installment of sanctions. Instead, on January 11, 2017, plaintiff filed a reply to the court's December 27, 2016 order. (ECF No. 31.) In that reply, plaintiff again attempts to re-argue the merits of her previously-dismissed first amended complaint and the alleged impropriety of its dismissal given plaintiff's belief that the Ninth Circuit Court of Appeals purportedly now has exclusive jurisdiction over this case until the TRO appeal is resolved. For the reasons discussed in the court's prior orders, those arguments lack merit. Plaintiff further argues that the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 was inappropriate. However, that argument is misplaced, because the court did not impose Rule 11 sanctions in this case. The $250 in monetary sanctions were imposed pursuant to the court's inherent authority, because plaintiff failed to comply with the court's orders and deadlines. Finally, plaintiff's reply notes that, on January 9, 2017, she petitioned the Ninth Circuit Court of Appeals for a stay of this action and a determination of whether this court's imposition of monetary sanctions was appropriate. Nevertheless, to date, no stay has been issued by the Ninth Circuit. In fact, it appears that the Ninth Circuit on January 13, 2017 denied plaintiff's petition in its entirety. (See ECF No. 32.)

In light of the above, the court finds that dismissal of the action is appropriate at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local

rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Since the first amended complaint was dismissed with leave to amend in October 2016, plaintiff has failed to file a second amended complaint in accordance with the deadlines set by court orders. Although the court is cognizant of plaintiff's belief that this court presently has no jurisdiction to proceed with the case until the Ninth Circuit resolves her TRO appeal, the court has already explained to plaintiff why that subjective belief is incorrect, and the court cannot permit plaintiff's subjective beliefs to govern this case. In light of plaintiff's refusal to comply, any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.

The third Ferdik factor, prejudice to a defendant, also favors dismissal. At a minimum, defendants have been prejudiced by plaintiff's failure to diligently prosecute the case and move it forward towards a resolution on the merits. With the passage of time, evidence becomes stale and witnesses' memories fade, making it more difficult to defend a case.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than dismissal by providing extensions of time to file an amended complaint, issuing an order to show cause, imposing lesser monetary sanctions, modifying the payment schedule for monetary sanctions to accommodate plaintiff's financial concerns, and clearly warning plaintiff of the consequences of failing to comply with the court's orders. However, with such efforts having now been exhausted, the court finds no suitable alternative to recommending

dismissal of the action. Plaintiff refuses to pay the monetary sanctions imposed; she would likely be unable to pay increased monetary sanctions given her financial status; and, based on the limited record before the court at this stage of the proceedings, the court also cannot properly fashion any issue or evidentiary sanctions.

The court recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, the fourth Ferdik factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to comply with court orders that precludes a disposition on the merits.

Therefore, after carefully evaluating and weighing the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  January 18, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE